| 53 | 343 |
|----|-----|
| 76 | 375 |
| 53 | 343 |
| 34a | 324 |

THE HOUSTON & TEXAS CENTRAL R. R. Co. v. B. M. ODUM.

*(Case No. 2772.)*

1. USE OF STREETS BY RAILROADS — STATUTES CONSTRUED.— A charter to build a railroad to a city imports authority to extend the road within the corporate limits, and the statute confers on a railroad having such charter the right to use any public street within such city, without making compensation therefor; the particular street being either agreed upon with the authorities of the city or designated in the manner pointed out by the statute.

2. Authentication of legislative act.—Even should it be conceded that the final pasage of an act over the veto of the governor, in the manner prescribed by the constitution, could not be officially certified by the chief clerk of the house of representatives and the secretary of the senate, its validity would not be affected by their failure to certify to its passage in the proper time, if the fact of its passage appears from the published journals of the legislature.

3. Constitutional law.— That part of the act of August 15, 1870, for the relief of the Houston & Texas Central Railway Co., which authorized its extension to Austin, was not so foreign to the object expressed in the title of the act as to be violative of sec. 17, art. 12 of the constitution of 1869.

4. City ordinance.— The validity of city ordinances once passed and recorded, cannot be affected by subsequent unauthorized alterations or interlineations.

5. Use of streets by railway companies.—The regulation or enlargement of the use of a street, the property of the state, by the legislature, so as to permit the construction of a railroad track thereon, whereby the owners of adjacent lots may suffer inconvenience and injury, is not a taking of property within the meaning of the constitution of 1869.

6. Use of streets by railroads —Same.— Such an addition to the use of a street, if authorized by the legislature, gives the lot owner no right to compensation, although his easement in the street be thereby impaired, and his lot rendered less valuable.

7. Same.— It is not intimated that the lot owner would be denied constitutional protection in the use of a dedicated street, if its use by a railroad would result in its destruction for all other purposes.

Appeal from Travis. Tried below before the Hon. J. P. Richardson.

Suit brought by B. M. Odum, appellee, against appellant, on January 25, 1873, to recover damages sustained by him as the owner of lots in the city of Austin, in consequence of the appropriation and occupancy of Pine street, in front of his premises, by appellant, for the purpose of building and operating its railroad. Odum alleged that the railroad had so obstructed the street with its road track, side track and switches, and with its engines and cars, as to render the same unfit for ordinary travel; that the appellant had dug down and changed the grade of the street, to the great danger of appellee's property; that the street was rendered impassable by reason of its

constant use by appellant with its steam engines and cars; that the noise and confusion caused by its engines and cars greatly annoyed him and his family, and that the smoke and dust therefrom rendered his dwelling house unpleasant, greatly impaired the value of his property, and deprived himself and family of its enjoyment.

He claimed a special right to the use of the street in front of his property, and alleged special damages by reason of its obstruction. He claimed damages: 1. Because the obstruction of the street by appellant had depreciated his property in its intrinsic value. 2. Because of the continued annoyance and inconvenience to himself and family in consequence of the obstruction of the street, the noise and confusion therein caused by appellant in operating its railroad, and the dirt and smoke from its engines and cars.

The railroad company first filed a general demurrer and pleaded the general issue. Appellant claimed special authority to construct its railroad along Pine street, under the act of the legislature of August 15, 1870, entitled " An act for the relief of the Houston & Texas Central Railway Company," and also under an alleged agreement between appellant and the corporate authorities of the city of Austin of date September 11, 1868. Appellee by replication denied the constitutionality of the act of August 15, 1870, or that the act conferred the right claimed, and also denied the authority of the city council to authorize the use of its streets for railroad purposes.

There was a trial on October 20, 1874, and verdict and judgment for appellant for $2,000. Motion for a new trial overruled, and notice of appeal.

Evidence was offered of an ordinance passed by the city of Austin on September 11, 1868, granting permission to the appellant to use streets designated with its railroad, which contained an erasure or interlineation. There was much contradictory evidence in regard to the extent of damages sustained, but it was not pretended that the use of the street would be monopolized by the railroad company. The road-

bed was laid on the established grade of the street, and the delay of the city in cutting down the portions of the street not appropriated by the road increased the inconvenience resulting from its construction.

Odum's lots were located near the terminus of the road track, and some confusion in the minds of witnesses existed as to whether he was most damaged by the railroad, or by houses of ill-fame which became established near the same locality. There was no claim for damages, however, on the ground that the construction of one enterprise so near him superinduced the establishment of the other.

*Hancock, West & North* for appellant.

I. There is at this day no doubt but that the legislature has the power to authorize a railroad company to lay its track through the public streets of a city, where, as in this case, it is conceded that the fee to the streets is in the state, and that when its track is laid down in pursuance to such authority the adjacent property holders have no cause of action against such railroad company for damages caused by such use of the street. See 2 Dillon on Mun. Corp., 2d ed., ch. 17, § 577, and preceding and following sections, where the whole subject is fully discussed, and the authorities cited and reviewed; see, also, Sedgwick on Measure of Damages, marg. pp. 110, 111, 112, ch. 3; top p., 3d ed., 113–116; Hobart *v.* Milwaukee City R. R. Co., 27 Wis., 194; Cooley on Const. Lim., 2d ed., 552, 553.

II. The legislature can clothe a municipal corporation with the power to grant to a railroad company the right to use the streets of a city as a part of the line of its road. See 2 Dillon on Mun. Corp., 2d ed., ch. 18, § 575, and those preceding and following, with the cases there cited; see, also, Redfield's American Railway Cases, 300. By an act of the legislature passed January 13, 1862, the seventh section of the act of February 9, 1856, incorporating the city of Austin, was amended so as to read thus: "The mayor and city council

shall have power in the city, by ordinance, to open, alter, abolish, widen, extend, establish, grade, pave, or otherwise improve, clean and keep in repair the streets, lanes, avenues and alleys." This section, which is still in force, gives the corporation of Austin power to close a street entirely, or, as it still more strongly expresses, to *abolish* it. It gives the power to establish new streets, and to extend, widen, alter and lengthen the old streets. It would therefore seem that having thus the power to open and also to close the streets, the city authorities may reasonably be considered to have granted to them the power to permit a partial obstruction of a street for some useful purpose, when it is clothed with the greater power of abolishing it entirely. We are told that authorities can be produced to the effect that under this express grant the city authorities can neither abolish nor partially abolish or obstruct a street. If such an authority is found, and is not a decision of this court, we would be very strongly disposed to question its correctness. If the express grant of the power to a corporation to "abolish or alter" a street does not permit it to abolish or alter such a street, then we would be pleased to know what power is conferred by these words? We believe that the legislature intended, by conferring this power upon the city authorities of Austin, to clothe them with full authority to allow a partial use of the streets of the city by street or steam railroads, or for some other recognized usual and useful purposes.

III. Did the corporation of Austin grant this right to the appellant? There is no doubt about this; the evidence of the two former mayors, Messrs. Brown and Glenn, proved the consent of the city.

IV. It is further insisted that the appellant has the right to use this street under the general railroad law of the state, and more especially under the 16th, 17th, 18th, 19th, 20th, 21st and 22d sections of that law (Pasch. Dig., 825, 826). It being contended by the appellant that by the terms of its charter it could construct the line of its road into both of the cities of

Brenham and Austin, this being the respective termini of its road, and that under the express provisions of article 4941, Paschal's Digest, Austin being on the line of the road, the appellant had the right to use the streets of that city. This, then, brings us to the questions whether the city of Austin, under the terms of article 4941, is on the line of the appellant's road. The language of the charter of the appellant as to the route and termini of what is known as the Western Branch of the Houston & Texas Central Railway Company is as follows: *   *   *   "The Houston & Texas Central Railway Company shall have the right to build and extend the part of its railway heretofore known as the Washington County Railroad *from* the town of Brenham, in the county of Washington, *to* the city of Austin, in the county of Travis, by the most eligible route, to be selected by the engineers of the company; *   *   *   and the said Houston & Texas Central Railway Company, by reason of the construction of the said railroad *from* the town of Brenham *to* the city of Austin, *   *   *  shall have and enjoy all the rights, privileges, grants and benefits that are now or may at any time hereafter be secured to any railroad company in the state of Texas by any general railroad law of the state." With regard to the terms "from," etc., "to," in this act, the appellant asked the court to charge the jury that the language there used granted to the appellant the power to enter the city of Austin along Pine street. But the court refused this instruction and charged, in effect, that while the words "from," etc., "to," etc., gave the appellant the right to enter the city, it could only run through private property in it and not along its public streets. That is, the court thought that appellant had the right to go where it would most incommode the citizens, but could not go where it would be most convenient for them. This is the main question on the merits of this case, and it turns upon what the legislature meant by using the words "from," etc., "to," etc., in the charter of the appellant. And in order to arrive at the correct meaning of these words they must be construed with

reference to the general subject matter and to the object intended.

Counsel argued at length that the authority to construct the road to the city of Austin conferred the right to build the road along a public street into or through the city. This brief was filed before a former decision of this court settling that question, and the following authorities were relied on by counsel, viz.: 1 Strange, 181; 5 Coke, 7, 103, 111; 6 Coke, 62, 67; 1 Ven., 292; 3 Keb., 594; 3 Leon, 211; Farmers' Turnpike v. Coventry, 10 Johns., 391; Mohawk Bridge Co. v. Utica R. R. Co., 6 Paige Ch., 561; Smith v. Helmer, 7 Barb., 416; Mason v. Brooklyn City & Newton R. R. Co., 35 Barb., 373; McFarland v. Orange & Newark Horse Car R. R. Co., 2 Beasley (N. J.), 17; Knight v. Carrollton Railroad Co., 9 La. An., 284; Commonwealth v. E. & N. E. R. R. Co., 27 Pa. St., 352; Peavey v. Calais R. R. Co., 30 Me., 500; Fall River Iron Works Co. v. Old Colony & F. R. R. R. Co., 5 Allen, 221; Moses v. P., Ft. W. & C. R. R. Co., 21 Ill., 516; T. & A. R. R. Co. v. Adams, 3 Head (Tenn.), 597; N. E. R. R. Co. v. Payne, 8 Rich. (Law), 177; Savannah, Albany & Gulf R. R. Co. v. Shiels, 33 Ga., 609. He reviewed ably and at length the authorities relied on by appellee.

*J. W. Robertson* for appellee.

I. The act of the legislature of August 15, 1870, entitled "An act for the relief of the Houston & Texas Central Railway Company," is unconstitutional, null and void. Appellee objected to the reading of this act because it had never become a law under the requirements of the constitution, and if in fact passed by legislature, it is null and void; all of which appears on the face of this purported act, published but not certified in Gen. Laws 12th Leg., 325–330. Sec. 17, art. 12, Const. of 1869; Cannon v. Hemphill, 7 Tex., 184; Fowler v. Pierce, 2 Cal., 165; State v. Harrison, 11 La. An., 722; Davis v. State, 7 Md., 151; Cutlip v. Sheriff of Calhoun Co., 3 W. Va., 588; People v. Mellen, 32 Ill., 181; I. C. R. R. Co. v. Potts,

7 Ind., 681; Mewherter *v.* Price, 11 Ind., 199; Grubbs *v.* State, 24 Ind., 295; People *v.* O'Brien, 38 N. Y., 193; People *v.* Commissioners, 53 Barb. (N. Y.), 70; Tuskaloosa Bridge Co. *v.* Olmstead, 41 Ala., 9; Cooley on Const. Lim., 81, 82, 141, and cases cited.

II. The pretended ordinance of the city of Austin granting appellant the right of way over the streets of the said city, was never passed by the city council. Hardy *v.* Broaddus, 35 Tex., 685.

III. The city council of the city of Austin had no authority under the charter to grant the use of the streets to appellant for the purpose of operating thereon a steam railway. This power is claimed under the amended charter passed January 13, 1862, which provides: "The mayor and city council shall have power in the city, by ordinance, to open, alter, abolish, widen, extend, establish, grade or otherwise improve, clean and keep in repair the streets, lanes, avenues and alleys." There was no such provision in any previous charter. Sec. 6 of act to incorporate city of Austin, December 29, 1839; 2 Dillon on Mun. Corp., 560, 575–578; Commonwealth *v.* R. R. Co., 27 Pa. St., 339; R. R. Co. *v.* Shiels, 33 Ga., 601; Springfield *v.* R. R. Co., 4 Cush., 63; St. Louis R. R. Co. *v.* N. W. St. Louis R. R. Co., Cent. L. J., October 16, 1874, No. 42, p. 521; Lackland *v.* R. R. Co., 31 Mo., 180; Same Case, 34 Mo., 259; Jersey City & B. R. R. Co. *v.* R. R. Co., 20 N. J. Eq., 61; M. & E. R. R. Co. *v.* City of Newark, 2 Stock. Eq., 363; Att'y Gen'l *v.* Heishon, 18 N. J. Eq., 410; N. E. R. R. Co. *v.* Payne, 8 Rich. Law (S. C.), 177; Douglass *v.* Mayor, etc., of Placerville, 18 Cal., 643; Leavenworth *v.* Norton, 1 Kan., 432; Leonard *v.* Canton, 35 Miss., 189; Clark *v.* Davenport, 14 Iowa, 494; Parker *v.* Baker, 1 Clarke (N. Y.), 223; State *v.* Mayor of Mobile, 5 Porter, 279; Stanley *v.* City of Davenport (Sup. Ct. Iowa, 1879), Cent. L. J., vol. 9, p. 392, November 14, 1879, and cases cited.

IV. This authority is not conferred under the general railroad law of the state. Pasch. Dig., arts. 4936, 4937, 4941;

Rio Grande R. R. Co. *v.* Brownsville, 45 Tex., 88; art. 1, sec. 17, Const. of 1876.

GOULD, ASSOCIATE JUSTICE.— Since this case was tried this court has held that a charter to build a railroad to a city imports an authority to extend the road within the corporate limits, and that the statute conferred on the railroad having such a charter the right to use any public street of such city without compensation; the particular street being either agreed upon with the authorities of the city or designated in the manner pointed out by the statute. Rio Grande Railroad Co. *v.* Brownsville, 45 Tex., 88; Pasch. Dig., arts. 4936, 4937, 4941.

The court below took a different view of the law, and notwithstanding the statute authorizing the Central Railroad Company to extend its branch road " to the city of Austin" instructed the jury that the legislature had not granted the railroad the right to use a street of the city, nor empowered the city council to authorize such use. Substantially, the jury were told that the railroad was occupying the street wrongfully, and was responsible to plaintiff therefor. This erroneous charge must lead to a reversal of the judgment, unless it should appear, as claimed by appellee, that the special act authorizing the extension of the road to Austin is invalid. To the admission in evidence of this special act, it was objected that it was not so certified as to be admissible without further proof of its enactment as a law.

If it be conceded that the final passage of the act over the veto of the governor, in the manner prescribed by the constitution, could not be officially certified by the chief clerk of the house and secretary of the senate after the adjournment of the legislature and the termination of their official functions, we are very clear that, the fact of such passage appearing from the published journals of the legislature, the validity of the act would not be affected by the failure of those officials to certify its passage at the right time. The court admitted

the act to be read from the published special laws, certified to by the secretary of state, and as it seems a conceded fact that the journals show its passage by the required "two-thirds of the members present" of each house, it is not material whether it was properly certified or not.

It is further claimed that this act is invalid because in violation of sec. 17, art. 12 of the constitution of 1869, requiring every law enacted by the legislature to embrace but one object, to be expressed in its title. Our opinion is that, under the liberal rule heretofore adopted by this court, that part of the act authorizing the extension of the road to Austin is not so foreign to the object expressed in the title as to come within the constitutional prohibition. Battle *v.* Howard, 13 Tex., 347; Tadlock *v.* Eccles, 20 Tex., 783.

In regard to the ordinance of the city council giving their assent to the use of the street, we are of opinion that the ordinance, as passed and recorded, was not rendered invalid by subsequent unauthorized alterations or interlineations. The evidence abundantly established the assent of the city authorities, by ordinance and otherwise, to the use of the street.

But it is claimed on behalf of appellee, that notwithstanding both the legislature and the city council may have authorized the railroad in the street, that, as the owner of lots abutting thereon, he is entitled to recover for damages in the actual depreciation in value of said lots by reason of the railroad. Although it is admitted that the fee of the streets of Austin is in the state, he claims that the easement in the use of the street to which he is entitled as the owner of a lot abutting thereon, is property which cannot be taken from him under the constitution without compensation. If the use of the street by a railroad would necessarily defeat the purpose of its dedication, and in fact amount to its destruction as a street, we are not prepared to say, let the fee be where it may, that the owners of abutting lots might not claim the constitutional protection. That adjoining lot owners have rights in dedicated public squares, beyond legislative control, was held

by this court in the case of Lamar County v. Clements, 49 Tex., 348.

The use of a street by a railroad, however, is not ordinarily inconsistent with its continued use for the common purposes of a street. The authorities are numerous and conclusive, that such an addition to the uses of a street, the fee being in the public, if authorized by the legislature, gives the lot owner no right to compensation, although his easement in the street be thereby partially impaired and his lots rendered less valuable. The regulation or enlargement of the use of the street, the property of the state, by the legislature, is not a taking of property within the meaning of the constitution of 1869, although the lot owner may thereby suffer incidental or consequential inconvenience or injury. Kellinger v. 42d St. R. R. Co., 50 N. Y., 208; People v. Kerr, 27 N. Y., 188; 37 N. Y., 357; Hatch v. Vermont Cent. R. R. Co., 25 Vt., 49; N. Y. & Erie R. R. Co. v. Young, 33 Pa. St., 180; Shearman & Redf. on Neg., sec. 370, and references in note 1; 2 Dillon on Mun. Corp., 2d ed., ch. 18, sec. 475; Cooley's Const. Lim., p. 542 et seq.; 1 Thompson on Neg., p. 358, sec. 23; Wood on Nuisances, secs. 753, 755.

In the present attitude of the case we do not feel called on to define what would amount to such a destruction of a street as to require provision to be made for compensation to the abutting lot owner, nor to lay down a rule as to his measure of damages against a railroad in such a case.

In regard to questions raised by appellant as to the title of appellee, it seems scarcely probable that the same questions will recur on another trial, and in the pressure of business we feel justified in pretermitting them.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 18, 1880.]