G., C. & S. F. R'y Co. v. MYRA GRAVES.

(No. 1299, Op. Book No. 3, p. 430.)

APPEAL from Washington County. Opinion by WILL-SON, J.

§ 579. *Jurisdiction of county court; suit for damage done to an easement is not a suit for the "recovery of land."* This is a suit brought in the county court of Washington county by the appellee Myra Graves against the appellant for damages done to a certain lot owned by her, situated in the town of Brenham, and abutting upon a public street of said town known as West street. The damage complained of is alleged to arise from the obstruction and destruction of West street by the road-bed of appellant. Verdict and judgment were rendered for the appellee for the sum of $500 and costs. Preliminary to other questions in the case is the suggestion of appellant that the county court had no jurisdiction of the subject matter of the suit, because it necessarily involved title to land. We do not so understand the nature of the suit. It is not a suit for the "recovery of land," but a

suit for damages for the interruption and destruction of an *easement.* Although this easement depends upon plaintiff's title to the lot which she claims has been damaged, and although it is appurtenant to and goes with the land, and is an interest in the land, yet the object of this suit is not to recover the land or the easement, but to recover damages done to the land by the impairment of the easement appurtenant thereto. The jurisdiction of the county court is denied only where the suit is for the recovery of land or the enforcement of a lien on land. [R. S. 1164.] We think the county court had jurisdiction of the subject matter of the suit.

§ 580. *Damage done to an easement in a public street is recoverable, under section 16 of the bill of rights.* Upon the trial of the case the plaintiff established by evidence the material allegations in her petition, viz.: 1. Her ownership of the lot. 2. That it abutted upon West street, which was a public street, and had been used as such for more than twenty years. 3. That prior to the construction of appellant's road-bed along said street it was an open, unobstructed highway, used as such by the public, and afforded ingress and egress to and from her lot. 4. That appellant constructed its road-bed upon said street, and thereby obstructed the same to such an extent as to render it unfit for the ordinary uses of a street, and so as to prevent free ingress and egress to and from her lot. 5. That immediately prior to the construction of the road-bed her lot and premises were worth $4,000, and that immediately subsequent thereto the same were not worth more than $3,000 or $3,500, and that this decrease in value was occasioned by the obstruction of West street where the lot abutted upon it. Appellant asked the court to charge the jury as follows: "If you believe from the evidence that the defendant constructed its railway along said street within the limits defined by the ordinance of the city, and that the construction was not made in a negligent, careless or improper manner; that the whole of the street has not been appropriated,

but a reasonable portion thereof left open to ordinary travel by other modes, then the defendant is not liable to this action, and you will find a verdict for defendant." The court refused to give this charge, but instructed the jury to the effect that the plaintiff had an easement in the street, the destruction of which was such a taking of her adjacent land as would entitle her to recover for any damage done thereto. It is contended by appellant that the charge asked and refused, as above quoted, is the law of the case, and should have been given to the jury. In support of this position counsel for appellant cites us to numerous authorities, which we have examined as far as the same have been accessible to us. The position assumed, we understand to be, that if the *whole* of the street was not appropriated by the appellant, but only a part thereof, and a reasonable portion was left open to ordinary travel by other modes, then the appellee could not complain. That this position is well supported by the authorities cited, we do not deny. In The H. & T. C. R. R. Co. v. Odum, 53 Tex. 343, the court says: "If the use of a street by a railroad would necessarily defeat the purpose of its dedication, and in fact amount to its destruction as a street, we are not prepared to say, let the fee be where it may, that the owners of abutting lots might not claim the constitutional protection. That adjoining lot owners have rights in dedicated public squares beyond legislative control was held by this court in the case of Lamar County v. Clements, 49 Tex. 348.

"The use of a street by a railroad, however, is not ordinarily inconsistent with its continued use for the common purpose of a street. The authorities are numerous and conclusive that such an addition to the uses of a street, the fee being in the public, if authorized by the legislature, gives the lot owner no right to compensation, although his easement in the street be thereby partially impaired, and his lot rendered less valuable. The regulation or enlargement of the use of the street, the prop-

erty of the state, by the legislature, is not a taking of property within the meaning of the constitution of 1869, although the lot owner may thereby suffer incidental or consequential inconvenience or injury." It is to be noted that this decision was made with reference to the constitution of 1869, which provides that "no person's property shall be *taken* or *applied* to public use without just compensation made," etc. [Const. 1869, Bill of Rights, sec. 14.] Section 17 of our present bill of rights provides that "no person's property shall be taken, *damaged* or destroyed for or applied to public use, without adequate compensation being made," etc. It will be perceived at a glance that there is a very material difference between these two provisions. The word "damaged," contained in the latter provision, very much enlarges the protection to property. It includes not only property actually *taken* for public use, but also that which has been *damaged* for such use. The authorities to which we have been cited by appellant, as far as we have been able to examine them, are not applicable to the question as it presents itself under this provision in our bill of rights. But we are not left in doubt as to the meaning of this important change in the organic law. While the subject has not yet received the attention of our own state courts, it has been thoroughly considered and plainly determined by the courts of other states whose constitutions contain substantially similar provisions to ours, and in those states the uniform and settled construction has been, that it not only protects the *corpus* of a man's property from being *taken* without just compensation, but that it also protects it from *being damaged*, although not *taken*. [Johnson v. City of Parkersburg, 16 W. Va. 402, Pekin v. Brereton, 67 Ill. 477; City of Shawneetown v. Mason, 82 Ill. 337; City of Elgin v. Eaton, 83 Ill. 535.] We therefore conclude, in this case, that under the seventeenth section of our present bill of rights, notwithstand-the property of the plaintiff was not actually taken, yet

if it was *damaged* by the construction of appellant's road, she is entitled to recover compensation to the extent of such damage. We find no error in the judgment.

October 25, 1882.   Affirmed.