## The G., C. & S. F. R. R. Co. v. Francis Book.

### (Case No. 1598.)

1. DAMAGES.— The occupant and owner of a lot, adjacent to a street along which a railway had been constructed, sued for damages done his property by the construction of the road. On the trial the court refused to give a charge asked by the defendant to the effect that the plaintiff could only recover when some actual physical damage was done to the lot by the construction of the road, and that the jury should reject from consideration all claim for damages, based upon probable injury to occur from fire, from noise of trains, from probable running off the track of cars on the premises of plaintiff, and from the probable scaring of horses. *Held*, that there was no error in refusing the charge.

2. SAME.— The right to damages for injury done to property adjacent to a street along which a railroad track is constructed, when the city having authority had granted the right of way, is not restricted to cases where the street has been exclusively appropriated by the road, or where the road has been unskilfully constructed. (Railroad Co. *v.* Odum, 53 Tex., 353, referred to and discussed.)

3. SAME.— By article I, section 17, of the constitution of 1876, it is provided that "No person's property shall be taken, damaged or destroyed for, or applied to, public use, without adequate compensation." *Held:*

(1) The damage done to property by the construction of a railroad as much entitles one to recovery as if the property had been destroyed.

(2) That it is not necessary that a railway along a street should exclusively appropriate it in order to entitle an adjacent proprietor to damages for its construction.

(3) When such a railway along a street inflicts such special injury on the abutting owner as practically to deprive him of the ordinary use and enjoyment of it, an action for damages will lie. (Following Ashley *v.* Port Huron, 35 Mich., 296; Pumpelly *v.* Green Bay Co., 13 Wall., 166, and other cases cited.)

(4) When by the construction of the road the use of the street by the adjacent owner is very greatly impaired, and the injury in this respect is one special in its character and not one common to the entire community, an action to recover such special damages will lie.

(5) In such case it is immaterial to inquire in whom the fee to the street was vested, when it is shown it was dedicated to the public use, and the complainant, as the owner of adjacent property, has an easement and a substantial and valuable right in the street. In every such case he who sustains special damage by the construction of a railway along it has a right of action, no matter where the fee is vested.

4. CHARGE OF COURT.— See statement of case in 60 Tex., 657, for a charge of the court, in a suit brought to recover damages for injuries sustained in the construction of a railway, concerning which there is no such error as to require a reversal.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

(For statement of facts see 60 Tex., 656, to which reference was made by Delany, J. Com. App., in an opinion which announced only that the facts proved and the charges given were the same in this case and that of G., C. & S. F. R. R. Co. v. Eddins, 60 Tex., 656, which the opinion followed.)

AFFIRMED.

[Judgment approved January 21, 1885.]