JOHN P. DAVIDSON v. H., E. & W. T. R'Y CO.

(No. 2951.)

APPEAL from Nacogdoches County. Opinion by WHITE, P. J.

INGRAHAM & RATCLIFF, counsel for appellant.

R. S. LOVETT, counsel for appellee.

§ 400. *Condemnation of law for railroad right of way; improvements made by company not to be estimated as damages; case stated.* This is a proceeding under the statute to condemn a right of way for a railroad over appellant's land. Prior to the institution of the proceeding the railroad company had entered upon and made a cut and embankment upon said land for its road-bed on the proposed right of way. Appellant contends that he is entitled, as a part of his damages, to the value of said cut and embankment, claiming that the same is part of the realty and placed there by said company without authority. *Held:* In assessing damages in a proceeding to condemn a right of way, work already done by the railway company upon the land, although done without authority, cannot be regarded as part of the realty for the purpose of increasing the land-owner's damages. Such improvements do not become the property of the

473

land-owner for the purposes of this proceeding. [*Ante*, § 58; Preston v. R'y Co., Sup. Ct. Texas, March 27, 1888, reported in 7 S. W. Rep. 825.] The trial court did not err in sustaining appellee's special exception to appellant's claim of said improvements.

§ **401.** *Measure of damages in condemnation of land; evidence to prove damages.* Over objections of appellant, appellee was permitted to prove that appellant's remaining land was enhanced in value $1,000 by the construction and operation of the railroad through it. This testimony was objected to upon the ground that it proved a benefit which was not peculiar to appellant's land, but which was a benefit shared in by the land-owners in general of that community, and should not therefore be considered in ascertaining his damages. In support of this proposition appellant cites R. S. art. 4196; 1 App. C. C. §§ 266, 267; R. R. Co. v. Brock, 63 Tex. 245; R. R. Co. v. Fuller, 63 Tex. 467; R. R. Co. v. Eddins, 60 Tex. 656; R. R. Co. v. Odum, 53 Tex. 343. Before the admission of this testimony appellant had proved that, by reason of the inconvenience and annoyance consequent upon the construction of the road across his land, the remainder of his tract would be damaged from $150 to $200. *Held:* The testimony objected to was in rebuttal and was admissible. The rule is well settled that if, in addition to the intrinsic value of the property, the owner claims indemnity for the losses and inconveniences which will incidentally devolve upon him in consequence of the appropriation of his property, in estimating those losses and inconveniences the profits, advantages and conveniences which will result to him from the uses to which the property is applied are also to be estimated, and the excess of the former over the latter is the true amount of incidental damages. This we understand to be the meaning of our statute upon the subject. [R. S. arts. 4193, 4194, 4196; *ante*, § 256; 2 Wood's R'y Law, § 262.] In estimating damages the jury may consider whether the remaining land was enhanced in value by the con-

struction of the road in a sum equal to the special injury claimed to have been sustained. [R'y Co. v. Fuller, 63 Tex. 467.]

November 21, 1888.                          Affirmed.