# Spink, Appellant, v. Philadelphia Hydro-Electric Company.

*Equity—Injunctions—Water rights—Res adjudicata—Public rights—Enforcement by private parties—Necessity for specific injury.*

1. A final decree in a cause is a finality as to the claim there made by the plaintiff, and as to every matter which was offered and received to sustain or defeat the claim and all admissible matters which might have been so offered.

2. Where the respective rights of grantor and grantee under a grant to supply water for power purposes have been adjudicated in a proceeding to restrain the grantor from installing a device in the forebay for the purpose of limiting the grantee's water supply to the amount provided for in the grant, the grantee is subject to the rule of res adjudicata in a subsequent proceeding to restrain the installation of the same device, brought against his grantor and a third party to whom the latter had assigned all its rights in the premises and to whom it had sold all the water in its control in excess of the amount granted to its original grantee, where it does not appear that the grantee is threatened with any diminution of

the supply to which it is entitled under the grant, and where the new facts alleged could not enlarge the plaintiff's right in respect to the amount of water he is entitled to receive.

3. Where in such case the plaintiff claims that defendant is a public water company, obliged to recognize and protect equities existing between those dependent upon it for their supply of water, and that it had failed in this duty, the injury complained of, if it exists, is one that the plaintiff shares with the general public and is not specific in any other sense than that the disappointment in plaintiff's case may be greater than in that of some of the others, and in view of the fact that the company has been held to owe no duty to plaintiff as an individual, distinct from the general public, he has no standing to raise such a question.

Argued April 1, 1914. Appeal, No. 405, Jan. T., 1913, by plaintiff, from decree of C. P. No. 5, Philadelphia Co., June Term, 1913, No. 3837, in equity, sustaining demurrer in case of William Spink v. Philadelphia Hydro-Electric Company, a corporation, and the President, Managers and Company of the Schuylkill Navigation Company, a corporation. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Proceeding in equity for an injunction. Before MARTIN, P. J.

The facts appear in the opinion of the Supreme Court and in Spink v. Schuylkill Navigation Co., 240 Pa. 619.

The plaintiff, inter alia, averred in his bill that the primary purpose for which the navigation company was incorporated was the maintenance of a waterway for transportation purposes, and that the right to sell water for power purposes was given by the State as an incident thereto, for the purpose of developing transportation business by encouraging and assisting the conduct of manufacturing enterprises along the line of the canal; that the company had been so managed that it had ceased to conduct any transportation business whatever over its waterways; and that the canal upon which plaintiff's property abuts had become impossible of use for the passage of boats and barges, inter alia, because of the

rapidity of the current of water flowing through it; that the navigation company was, and for many years past had been a water company, maintaining its works for the purpose of selling water and water power, and deriving its revenues from the sale of water to owners of manufacturing plants abutting on its canal, and that as such it was and became the duty of said defendant to treat alike and without discrimination all those who used and depended upon the water sold by said defendant for power purposes; that the defendant navigation company, in violation of its duty and the rights of plaintiff had discriminated against him (a user and purchaser of water for a long period of years) in favor of the defendant, the Hydro-Electric Company (a recent user of water), to whom it was attempting to sell all the surplus water power (of which there was a large quantity) produced by the works of the navigation company, and at a lower rate than plaintiff had been paying and was willing to pay; that the contract between the defendants was illegal and void as contrary to public policy and in violation of the charter powers of the navigation company; and that the Hydro-Electric Company acquired no right under it to obstruct the flow of water through the forebay of the premises of plaintiff, or to take for its own use water he had theretofore used and desired to continue to use and pay for, and which was necessary to the operation of the machinery installed in his premises in 1889 and continuously operated thereafter.

The bill prayed for a decree declaring the navigation company to be a water company subject to the duties and obligations of a public service corporation; and directing the navigation company to furnish plaintiff with water necessary for the operation of his turbine wheel in the quantity heretofore taken by him, at a reasonable price, and at as low a price as defendant was furnishing water to other consumers; for an injunction requiring defendants to remove the obstruction limiting

the amount of water supplied to plaintiff; a decree determining that the navigation company had no power to confer on the Hydro-Electric Company the right to install any device restricting the amount of water used by plaintiff; to determine a reasonable sum to be paid for the excess water; and for general relief.

*Error assigned* was in sustaining the demurrer.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellant.

*H. B. Gill,* with him *H. S. Drinker, Jr., William B. Linn* and *A. M. Beitler,* for appellees.

OPINION BY MR. JUSTICE STEWART, April 20, 1914:

The issue sought to be raised by this proceeding is identical in every material respect with that presented and adjudicated in Spink v. Schuylkill Navigation Co., 240 Pa. 619, and notwithstanding in this proceeding the Philadelphia Hydro-Electric Company has been brought in as a codefendant, the real parties to the issue are the same.  In that case we distinctly held that nothing that had occurred between the appellant and the navigation company subsequent to the date of the grant from the latter to the former had in any way enlarged the terms of that grant; that the grant itself defined the rights of the parties, and that the navigation company under the terms of its contract had a right to install in appellant's forebay the mechanical device it contemplated using for the purpose of limiting appellant's water supply to 200 square inches.  The present bill, reciting the proceedings under the former bill, charges that the navigation company has entered into a contract with the Hydro-Electric Company under which it has agreed to sell to the latter company all the water it controls in excess of the 200 square inches of water granted to the appellant and other similar grants to other mill properties adjoin-

ing the canal, and that the Hydro-Electric Company, in assertion of a right under this contract, has erected an obstruction in the canal at the opening of the forebay of appellant's property which has reduced the volume and head of water supplied to appellant's mill, and thereby prevented appellant from operating his water power machinery as he was accustomed. The bill nowhere, however, charges that the obstruction had so reduced the supply of water that in consequence less than the 200 square inches to which appellant is entitled under his grant, passed into his forebay. What we decided in the former case—and it was the one point in issue—was that the navigation company had the right to do the thing that is here complained of. The fact that it has been done by another company that had acquired all the rights of the navigation company marks a distinction between the cases but denotes no difference. A demurrer was filed to plaintiff's bill on the ground that "it appears in said bill that it has been judicially determined that complainant is not entitled to receive water in excess of amount to which he is entitled by grant as aforesaid; that complainant does not complain that he is not receiving the amount of water to which he is so entitled, and sets forth no after discovered facts and alleges no valid reason why the previous determination of his rights in the premises should not be final, or why the relief refused him in said previous suit should now be granted." The demurrer was sustained, and the appeal is from the decree so entered. The present bill contains averments which did not appear in the first bill, but none, accepting all as true, however much they might qualify the right of the navigation company to grant to the Hydro-Electric Company all its excess water, could enlarge appellant's right with respect to the amount of water he is entitled to derive from the canal. He is receiving to-day all that he is entitled to receive under our former adjudication, and controversy with respect to that amount is at an end. The decree in

that case was a finality as to the claim there made by
the plaintiff, and as to every matter which was offered
and received to sustain or defeat the claim. The new
averments relied upon to avoid estoppel relate wholly
to the rights, privileges and obligations of the naviga-
tion company, under its charter; and these are urged
upon our attention because appellant would derive there-
from some obligation on part of the navigation company
to afford him a larger supply of water than his grant
calls for, because of an equitable right on his part to a
share in the excess of water granted to the Hydro-Elec-
tric Company. These averments might be disposed of
with the single observation that all that is alleged
therein was admissible matter which might have been
offered in the former case, and not having been offered
the decree in the former case is as conclusive as though
these matters now set up had never existed. But even
though it be to prolong unnecessarily this opinion we
shall advert briefly to the merits of this contention as
it is defined in the first proposition in the brief of argu-
ment. No more will be necessary since all the other
propositions stand or fall with this. The proposition is,
"That the defendant navigation company, within the
limitations of its supply of water rendered available for
power purposes, is a public water company, and must
recognize and protect the equities existing between those
dependent upon it for their supply of water." The lat-
ter part of this proposition would be entirely correct
were its predicate established, that is, that the naviga-
tion company is a public water company; but this is an
assumption manifestly open to very serious question if
there be nothing in the charter of the company support-
ing it other than that which is quoted in the plaintiff's
bill and on which he relies. Assuming for the sake of
argument, however, that the company is a public water
company, the appellant is without standing to compel
the company to discharge the duties it owes to the
public. We have heretofore held that the company owed

no duty to the appellant, as an individual distinct from the general public, that it has failed to perform; therefore, the injury here complained of is one that plaintiff shared with the general public, and is not specific in any other sense than perhaps the disappointment is greater in his case than that of some others. This however would be one of degree simply, and, as said in Saylor v. Canal Company, 183 Pa. 167, this would not give standing to a private party to enforce public rights. In Buck Mountain Coal Co. v. Lehigh Coal & Navigation Company, 50 Pa. 91, the bill was to compel the defendant company to reconstruct a portion of its canal which had been entirely swept away by a flood, and to compensate the complainants for the loss to them of the means of transporting their coal to market. It was there held that plaintiffs were without standing to enforce this duty on the part of the company to the public in the absence of special injury to themselves or property, and in the opinion in the case what is meant by special injury is thus defined: "by this we mean, any injury, special in its operation, resulting from a failure to perform some specified duty to them, or to make compensation for injury and deterioration to their property, as contradistinguished from injury to them in common with the whole public, in the loss of a convenient and valuable highway." We repeat, it has already been adjudicated that the navigation company owed no special duty to this appellant, and as we have seen, the fact, if it be a fact that appellant has suffered to a larger extent than some others in consequence of the failure of the navigation company to discharge its duty to the public, whether by discrimination or otherwise, the distinction would be simply one of degree; and while appellant might have his common law remedy in such case, it would give him no standing to enforce a performance by the navigation company of its duty to the public, and that is what this bill attempts through its additional averments. Again, the equities averred in the proposition are such as are

supposed to arise from the fact that the navigation company has sold all its excess water to the Hydro-Electric Company, and in so doing has unjustly discriminated against the plaintiff to his serious injury. We refer to this feature only because of the argument submitted on behalf of appellant. We have been reminded that in the opinion in the former case this occurs: "Whatever equities appellant may have, and we are inclined to think he has some under all the circumstances, must be treated as the subject of adjustment by the parties themselves. The courts are not at liberty to grant equitable relief in violation of the express covenants of contracting parties." The use made of this excerpt in the argument at bar and in the briefs submitted, gives it an undue and mistaken emphasis. The equities there referred to are those unenforceable equities which can and often do prevail as between the parties themselves to bring about an amicable compromise and adjustment. It is manifest that the reference could not have been to the particular equities which the appellant sets up by his added averments, since in the former case the conditions from which the appellant seeks to derive them did not then exist; they only arose with the sale to the Hydro-Electric Company by the navigation company of all its excess water, a sale which, so far as the record shows, was not even in contemplation when the former bill was filed. The case calls for no further discussion. For the reasons stated, the assignments of error are overruled and the decree is affirmed at costs of appellant.