## Reading Co. v. Spink, Appellant.

*Res adjudicata—Scope of decision—Questions not raised or decided.*

1. Res adjudicata concludes only the fact or facts expressly and distinctly decided, and those which might have been averred and proved to defeat or qualify those expressly and distinctly decided.

2. When a second case is decided solely on the ground of res adjudicata, its effect as such does not extend beyond the fact or facts concluded by the first case.

3. Questions which might have been raised but were not, or were raised but not decided, are not res adjudicata in a later pro-

ceeding, unless they were expressly and distinctly decided, or could have defeated or qualified the fact or facts expressly and distinctly decided.

Argued Jan. 4, 1919. Appeal, No. 42, Jan. T., 1919, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1914, No. 2682, on verdict for plaintiff in case of Reading Company v. William Spink. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ. Reversed.

Assumpsit to recover an annual rent charge. Before DAVIS, J.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,543.49. Defendant appealed.

*Error assigned,* among others, was in giving binding instructions for plaintiff.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellant.—A question is not rendered res adjudicata unless it is necessary to the determination of the prior litigation: Bigley v. Jones, 114 Pa. 510; Connery v. Brooke, 73 Pa. 80; Funk v. Young, 254 Pa. 548; Becker v. Lebanon, etc., Street Ry. Co., 195 Pa. 502; Davis v. Southwest Penna. Pipe Line, 34 Pa. Superior Ct. 438; Follansbee v. Walker, 74 Pa. 306; Kapp v. Shields, 17 Pa. Superior Ct. 524.

*Abraham M. Beitler,* with him *Charles Heebner,* for appellee, cited: Sterns Company v. Hewes, 256 Pa. 577; Jenkins v. Scranton, 205 Pa. 598; City of Lancaster to use v. Frescoln, 192 Pa. 452; Kilheffer v. Herr, 17 S. & R. 318, 319; Schwan v. Kelly, 173 Pa. 65; Bolton v. Hey, 168 Pa. 418; Schrœder v. Galland, 134 Pa. 277; Pennock v. Kennedy, 153 Pa. 579; Myers v. So. Bethlehem, 149 Pa. 85; Raisig v. Graf, 17 Pa. Superior Ct. 509; Myers v. So. Kingston Coal Co., 126 Pa. 582; Taylor v. Cornelius, 60 Pa. 187.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1919:

Plaintiff's predecessor in title, the Schuylkill Navigation Company, granted and conveyed to defendant's predecessors in title a tract of land along the canal of the navigation company, giving to the grantees, their heirs and assigns, the right to draw a certain quantity of water from the canal, they in turn covenanting to yield and pay to the navigation company, its successors and assigns, a stated sum of money annually. By later deeds there was a reduction of the amount of water to be taken, and the amounts to be paid. Defendant and his predecessors in title for many years received and paid for more water than was specified in the grant; but in 1911, the navigation company limited the amount of water to be taken to that so specified; whereupon defendant filed a bill in equity against it, claiming a prescriptive right to receive also the excess amount, upon payment therefor. The court below decided against that contention, and this court affirmed: Spink v. Schuylkill Navigation Company, 240 Pa. 619. It thus appears that the only question decided in that case was: Is the limit of defendant's right the amount stated in the deeds?

In 1910, the navigation company sold to the Philadelphia Hydro-Electric Company all the water passing through the canal, save only that which the navigation company had by its prior grants agreed the defendant and others might take. Thereupon defendant filed a second bill in equity against the two companies, alleging that the navigation company was a public service corporation, and by reason thereof could not discriminate between its customers; that he was willing to take, and of right was entitled to have, a portion of the excess water; and that the Hydro-Electric Company was erecting in front of his property an obstruction which would prevent him getting any portion of that excess. The defendants therein demurred on the ground of res adjudicata, averring that the bill was only another attempt to get more water than was provided for in the

deeds. The court below sustained the demurrer on that ground, and we affirmed: Spink v. Phila. Hydro-Electric Company, 245 Pa. 143. We also said that the right of the navigation company to sell its excess water to the Hydro-Electric Company could be challenged only by the Commonwealth. It thus appears that the only pertinent question therein decided was the same as in the first case. Indeed it could not have been otherwise; for if there had been any new issue raised in the second case, it could not have been decided on the ground of res adjudicata, for thereunder only that which has been already decided is concluded, and a new issue would not have been already decided, and hence would not have been concluded. It follows that, so far as the present case is concerned, nothing is concluded except that which was expressly decided in the first proceeding.

It is true that in the second case the court was asked to decree the removal of an alleged obstruction, with an aperture in it through which all the water entering defendant's plant would have to pass; but it was so asked because the amount of water claimed, which included the excess, would not go through the obstruction in the stipulated time. Whether it did or would permit the passage of the amount of water provided for by the deeds, was beside the point adjudicated, and was not decided. On the contrary we pointed out in our opinion that the bill in that case "nowhere charges that the obstruction had so reduced the supply of water that in consequence less than the 200 square inches, to which appellant is entitled under his grant, passed into his forebay."

In the present case, plaintiff as the successor in title of the navigation company, claims to recover the rent due as fixed by the deeds, alleging that it delivered the water specified therein; defendant avers that by reason of plaintiff's having placed an obstruction in the canal at the mouth of the forebay opening into defendant's property, he could not and did not get the quantity of

water to which he is entitled by the deeds; and that was the issue to be decided. At the trial plaintiff offered evidence which it alleges sustained its contention; but when defendant offered proofs to the contrary, they were all excluded on the ground of res adjudicata growing out of the two preceding cases. As shown above, this was error. The question of defendant's right to excess water is res adjudicata; and every fact which was necessarily found in reaching the judgment that he was not, or which might have been averred and proved in order to maintain his claim of right thereto, is also concluded by the prior decrees. But no other matter is so concluded; and the doctrine of res adjudicata would be "intolerably severe, if it were extended to anything but what was directly and expressly passed upon": Magauran v. Patterson, 6 S. & R. 278, 280-81. See also Schwan v. Kelly, 173 Pa. 65; Jackson v. Thompson, 215 Pa. 209. In the present case there is no claim for excess water, but only for the amount of water specified in the deeds. Neither that question, nor the question as to whether or not defendant can get that amount of water through the aperture which plaintiff has left open in the structure built by it in front of defendant's property, has ever been adjudicated, and hence

The judgment of the court below is reversed and a venire facias de novo is awarded.